UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEMALE TYLER,

                    Plaintiff,                    No. 10-cv-13782

vs.                                              Hon. Gerald E. Rosen

PACIFIC INDEMNITY COMPANY,

                    Defendant.

_____/

## OPINION AND ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE

### I. INTRODUCTION

Plaintiff Gemale Tyler ("Plaintiff") filed this action on August 16, 2010, against his insurer, Defendant Pacific Indemnity Co. ("Defendant"), after Defendant denied a claim for losses arising out of a fire.   The case was removed to this Court on September 22, 2010.   The final pretrial conference was held on March 27, 2012, at 2:00 PM, and the parties were unable to settle.

The parties filed nine motions in limine.   However, some of the motions contain multiple requests.   This opinion and order addresses each of the twelve evidentiary requests made by the parties.

### II. FACTUAL BACKGROUND

A more complete recitation of the facts is available in the Court's prior opinion. *See Tyler v. Pacific Indem. Co.*, 10-13782, 2012 WL 300883, at *1 (E.D. Mich. Feb. 1,

2012) (Rosen, C.J.).   For present purposes, the following suffices: Plaintiff purportedly owned a piece of property that was insured by Defendant.   A fire destroyed the house and its contents.   As part of his insurance claim, Plaintiff alleged the loss of a significant amount of undocumented personal property.   Defendant denied Plaintiff's claim on a variety of grounds, including misrepresentations made to Defendant during the claim process.   In response, Plaintiff filed this lawsuit, and the parties have been unable to settle.

### III. ANALYSIS

1.  **Defendant's motion to exclude testimony from Shamir Garner regarding the accuracy of Plaintiff's personal property inventory.**

Defendant seeks to exclude testimony from Plaintiff's girlfriend, Shamir Garner, regarding the accuracy of the personal property inventory Plaintiff submitted as part of his insurance claim.   Defendant so moves because Ms. Garner admitted during her deposition that she has not previously reviewed the personal property inventory submitted by Plaintiff.   Ms. Garner did not live in the home at issue here, but she did testify to staying overnight at the home on a few occasions.

Accordingly, Ms. Garner will not be permitted to verify the list itself, but she may testify more broadly as to the contents of the house based on her personal knowledge thereof.   This determination comports with Rule 602.   Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.   Evidence to prove personal knowledge may consist of the witness's own testimony.").   Therefore, this motion will be denied, but

2

with the aforementioned limiting instruction issued accordingly.

**2.    Defendant's motion to exclude testimony from Plaintiff's public adjusters regarding Plaintiff's truthfulness.**

To support his claim, Plaintiff hired a number of public adjusters to evaluate his expenses and prepare inventories of the property supposedly destroyed by the fire.   These adjusters testified that they did nothing to verify Plaintiff's claimed expenses, in part because he "seemed very upfront" and did not give them "any reason to doubt his truthfulness."   Defendant seeks to exclude any testimony these public adjusters might offer regarding Plaintiff's truthfulness because (1) the public adjusters do not have any special expertise in determining whether an insured is truthful, and (2) as lay witnesses on point, the public adjusters lack a basis for evaluating Plaintiff's truthfulness.   In other words, Defendant contends that any testimony from the public adjusters regarding Plaintiff's truthfulness would merely convey that the public adjusters believed what Plaintiff told them, without any foundation to make this information useful to the jury.

Based on this information, Plaintiff will be barred from offering any testimony to support his truthfulness, with the exception of two very narrow questions.   First, Plaintiff's counsel may inquire into whether the public adjusters had any basis to disbelieve Plaintiff.   And second, Plaintiff's counsel may inquire as to whether the public investigators scrutinized Plaintiff's alleged losses.   This is the extent of the allowable inquiry on this matter.   Therefore, this motion will be denied, with limiting instructions issued accordingly.   Fed. R. Evid. 608(a), 701 advisory committee's note ("[i]f . . .

attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule.").

**3.      Defendant's motion to exclude Jermaine Tyler from testifying at trial.**

Defendant seeks to exclude any testimony from Plaintiff's uncle, Jermaine Tyler, due to Mr. Tyler's repeated failure to have his deposition taken.   Defendant personally served Mr. Tyler with a deposition subpoena on June 6, 2011.   The subpoena was scheduled for July 12, 2011.   Counsel for both parties appeared at the appointed time, but Mr. Tyler did not.   The parties attempted to call Mr. Tyler multiple times, to no avail. Mr. Tyler later claimed to have overslept.   Accordingly, Defendant's counsel attempted to reschedule the deposition on August 9, 2011.

During that conversation, Mr. Tyler was generally evasive and initially denied his identity to counsel.   Mr. Tyler was offered multiple alternate dates for the re-scheduled deposition.   He informed counsel that he would check his schedule and call back.   He never did.   Subsequent attempts to contact Mr. Tyler -- on August 10, August 12, October 3, and October 11 -- produced similar results.   As such, Defendant was unable to depose Mr. Tyler and moves to exclude any testimony by Mr. Tyler pursuant to Rule 37.   Fed. R. Civ. P. 37(d)(3) (sanctions for failure to attend deposition).

Based on this information, the Court will bar Mr. Tyler from testifying as a result of his failure to appear for his deposition and his subsequent obstinacy in the face of Defendant's attempts to reschedule the deposition.   *Id.*   Accordingly, this motion will be granted.

4

**4.    Defendant's motion to limit the testimony of Plaintiff's public adjuster regarding Defendant's loss estimates.**

Defendant moves to limit the testimony of Larry Fucinari, one of Plaintiff's public adjusters, regarding loss estimates provided by Defendant's firm.    Defendant so moves because, immediately prior to the parties' filing their joint final pretrial order, Plaintiff indicated for the first time that he intended to elicit testimony from Mr. Fucinari on Defendant's loss estimate, despite Plaintiff's failure to otherwise provide the notice and disclosures required by Fed. R. Evid. 26.    This motion will be granted.

As an expert, Mr. Fucinari could qualify as one of two types of expert witnesses: (1) those "retained or employed specifically to provide expert testimony," governed by Rule 26(a)(2)(B); or (2) those not retained specifically to provide testimony, governed by Rule 26(a)(2)(C).    *Saline River Props, LLC v. Johnson Controls, Inc.*, 10-10507, 2011 WL 6031943, at *5 (E.D. Mich. Dec. 5, 2011).    The distinction matters insofar as Rule 26(a)(2)(B) requires that the parties provide an extensive expert witness report for each such witness, whereas Rule 26(a)(2)(C) -- a catchall provision -- only requires a disclosure stating "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify."    Fed. R. Civ. P. 26(a)(2)(C)(i)-(ii).    Which subsection an expert witness falls under is governed by "the scope, substance, and source of the intended testimony[.]"    *Saline River*, 2011 WL 6031943, at *7.

Here, Mr. Fucinari's testimony regarding Defendant's loss estimate will be

excluded regardless of which category Mr. Fucinari falls within.   On the one hand,
Plaintiff has not provided an expert report under Rule 26(a)(2)(B) that includes, as regards
Defendant's loss estimate, "a complete statement of all opinions the witness will express
and the basis and reasons for them" or "the facts or data considered by the witness in
forming them[.]"   Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii).   In fact, during his deposition, Mr.
Fucinari stated that he had not seen Defendant's loss estimate, let alone reviewed it.

Furthermore, to the extent Plaintiff provided a qualifying disclosure under Rule
26(a)(2)(C), the disclosure itself fails to even intimate "the facts and opinions to which the
witness is expected to testify" regarding Defendant's loss estimate.   In response to
interrogatories on point, Plaintiff stated that Mr. Fucinari "will testify regarding Plaintiff's
claim, provisions of the insurance policy, and the purported basis for denial of Plaintiff's
claim."   This might arguably include Defendant's loss estimate.   However, when
Defendant specifically inquired regarding the documents on which Mr. Fucinari had relied,
Plaintiff only referred to "claim documents and associated materials, which were provided
to defendant before plaintiff filed suit."   Defendant's loss estimate does not meet either
criteria, as it was provided to Plaintiff *after* Plaintiff filed suit.   Defendant's loss estimate
thus plainly falls outside of the documents Plaintiff disclosed as the basis for Mr. Fucinari's
opinions.[1]   Finally, because Mr. Fucinari also testified to having not reviewed

---

[1] While an argument exists for giving Plaintiff's disclosure a charitable reading, such a
claim will not alter the outcome of this motion.   Plaintiff's disclosure was exceedingly
vague and evasive; the omission was not a mere oversight.   Other courts have held the
parties to the standard set out in Rule 26 precisely because holding otherwise incentivizes

Defendant's loss estimate, permitting his testimony on this topic would contravene Rule 26.   Therefore, Defendant's motion to preclude Mr. Fucinari from testifying regarding Defendant's loss estimate will be granted.

**5.    Defendant's motion to exclude testimony and arguments regarding Defendant's purported duty to protect and prepare the property for inspection by Plaintiff's public adjusters.**

Defendant moves to exclude testimony and argumentation suggesting that Defendant had a duty to protect Plaintiff's property and to prepare it for viewing by Plaintiff's public adjusters after the fire.   They claim that Plaintiff bore the duty of mitigating losses and that the insurance contract clearly places any protective or preparatory duties on Plaintiff as well.   This motion will be granted.

To the extent Plaintiff might offer testimony regarding a duty to protect or prepare his property after the fire, such testimony should be excluded because it calls for a conclusion of law for which witnesses may not testify.   *Berry v. City of Detroit*, 25 F.3d 1342, 1354 (6th Cir. 1994); *Park W. Galleries, Inc. v. Global Fine Art Registry, LLC*, 08-cv-12274, 2010 WL 891695, at *2 (E.D. Mich. Mar. 8, 2010).   Further, Plaintiff should be precluded from offering argumentation regarding any such duty because the parties' insurance contract unequivocally places the burden of preservation on Plaintiff and does not allow Plaintiff to abandon the property to Defendant without consent.

---

the oblique lawyering Rule 26 was designed to curtail.   "The days when counsel may 'hide the ball' regarding expert disclosure, and intentionally provide a little, but by no means complete, information about the expected expert testimony are over, and those who continue to do this should not be rewarded for doing so."   *Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 506 (D. Md. 1997).

Specifically, the insurance policy states that Plaintiff "must take all reasonable means that are necessary to protect property from further loss or damage" in the event of a loss and that Plaintiff "cannot abandon any property to [Defendant] unless [Defendant] agree[s] to accept it[.]"   As such, evidence and argumentation regarding Defendant's duty to protect or prepare the property is not relevant to the issues present in this case.   Fed. R. Evid. 401. Therefore, Defendant's motion will be granted.

6.   **Defendant's motion to exclude any reference to a duty to conduct a fair and reasonable investigation and to breaches of that duty.**

Defendant moves to exclude any references Plaintiff might make to Defendant's purported duty to conduct a fair and reasonable investigation into Plaintiff's loss, as well as any reference to an alleged breach of that duty.   Defendant contends that any such line of argument is irrelevant to Plaintiff's claims and would likely prejudice the jury.   This motion will be granted.

The duty to conduct a fair and reasonable investigation has no bearing on Plaintiff's burden of proof or potential recovery and is therefore irrelevant to his claims.   Fed. R. Evid. 401.   Plaintiff has two claims: (1) breach of contract and (2) violation of the Michigan Uniform Trade Practices Act ("MUTPA").   While the MUTPA mentions bad faith in creating a cause of action for penalty interest, bad faith is only required when the plaintiff is a third-party tort claimant.   Mich. Comp. Laws § 500.2006(4).[2]   That is, only

---

[2] The relevant provision provides: "If benefits are not paid on a timely basis the benefits paid shall bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or an

third-party tort claimants must prove bad faith to recover penalty interest.   As the insured, Plaintiff need only prove that Defendant failed to pay benefits within sixty days of submitting satisfactory proof of loss to be awarded penalty interest.   *Id.*   Bad faith is thus irrelevant to Plaintiff's MUTPA claim.

Moreover, to the extent Michigan courts recognize an implied contractual duty to conduct a good faith investigation on an insurance contract, breaching that duty only enables the recovery of penalty interest, which is precisely what Plaintiff is already capable of recovering under the MUTPA.   *Burnside v. State Farm Fire & Cas. Co.*, 528 N.W.2d 749, 753 (Mich. Ct. App. 1995).   Plaintiff need not prove breach of the duty to conduct a fair investigation in order to recover penalty interest.   Therefore, allowing Plaintiff to reference such a duty and the breach of that duty is irrelevant to Plaintiff's claims and could only prejudice or confuse jurors.   Fed. R. Evid. 401-403.   Accordingly, Defendant's motion will be granted.

**7.     Defendant's motion for limiting instructions regarding the claim that Defendant failed to timely pay Plaintiff's claim.**

Defendant moves for a limiting instruction regarding its alleged failure to timely pay Plaintiff's claim.   Acknowledging that timely payment is relevant to Plaintiff's penalty interest claim under the MUTPA, Defendant seeks a Rule 105 instruction that

---

individual or entity directly entitled to benefits under the insured's contract of insurance. If the claimant is a third party tort claimant, then the benefits paid shall bear interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum if the liability of the insurer for the claim is not reasonably in dispute, the insurer has refused payment in bad faith and the bad faith was determined by a court of law." Mich. Comp. Laws § 500.2006(4).

"timeliness claims should be limited to the sole purpose of determining the basis for penalty interest" in the event it is determined that Defendant breached the insurance contract.   This motion will be denied.

In seeking a limiting instruction regarding timeliness, Defendant has offered very little argumentation on point.   This is likely because timeliness is a plausible component of both claims put forth by Plaintiff.   As discussed above, the MUTPA provides for penalty interest when the insured-plaintiff proves that a claim was not paid within sixty days of providing satisfactory proof of loss.   Mich. Comp. Laws § 500.2006(4). Moreover, depending on how Plaintiff frames his breach of contract claim, failure to pay Plaintiff's insurance claim will likely play a role in determining whether a breach of contract occurred.   While Plaintiff should not be allowed to belabor Defendant's refusal to pay, it is not clear that argumentation on timeliness would unduly prejudice the jury.   Fed. R. Evid. 403.   Furthermore, statements on point are clearly relevant to Plaintiff's claims. Fed. R. Evid. 401.   Therefore, this motion will be denied.

**8.      Defendant's motion to bar hearsay evidence from Plaintiff's employers regarding compensation Plaintiff received for various jobs supposedly performed.**

Defendant moves to bar the introduction of hearsay evidence regarding Plaintiff's income that Defendant's investigator collected.   Specifically, Defendant hired an investigator to research the various freelance jobs Plaintiff claims enabled him to afford over $200,000 in luxury goods and electronics that were subsequently destroyed by fire. The investigator spoke to some of Plaintiff's purported sources of income and found that

the employers' statements rarely matched Plaintiff's own testimony.   Furthermore, the individuals contacted could not provide any proof or verification of Plaintiff's employment.[3]

As a result of this unreliable and inconsistent information, Defendant's forensic accountant disregarded the employers' statements when he determined that Plaintiff's income tax returns were fabricated.   Defendant anticipates that the information collected by the investigator will be used to cross-examine the forensic accountant, thereby introducing hearsay statements about Plaintiff's income.   Defendant thus claims that the statements recorded by the investigator constitute inadmissible hearsay.   Fed. R. Evid. 801(c).

Based on this information, Defendant's motion will be denied with one narrow exception: the out-of-court statements made by Plaintiff's purported employers may not be admitted to prove the truth of the matters asserted, but the statements may be admitted for the limited potential purpose of impeaching Defendant's investigator and forensic accountant by showing that they disregarded these statements.   That is, Plaintiff may only introduce statements obtained by Defendant's investigator for the limited purpose of impugning the reliability of the Defendant's expert's opinion.   Accordingly, the employers' out-of-court statements may only be introduced in response to contrary

---

[3] In addition to lacking any paper records documenting Plaintiff's employment, individuals contacted could not produce the actual products of Plaintiff's work.   For example, a shop owner who allegedly paid Plaintiff for a sign could not produce the sign for inspection.

11

testimony by Defendant's witnesses.   Therefore, this motion will be denied, with the aforementioned limiting instruction issued accordingly.

**9.     Plaintiff's motion to exclude evidence regarding two warrants for Plaintiff's arrest.**

During a search into Plaintiff's criminal history, Defendant uncovered that, on two separate occasions, warrants for Plaintiff's arrest were requested.   However, there is no indication that the warrants were ever issued or that Plaintiff was in fact arrested.   Aside from the lack of proof that the warrants requested were in fact issued, a warrant alone does not constitute evidence of a crime or a criminal record under Rule 404(b).   Fed. R. Evid. 404(b).   The same is true with regard to Rule 609.   Fed. R. Evid. 609.

Based on this information, Plaintiff's motion will be granted.   Additionally, under Rule 608(b), Defendant's counsel may inquire regarding the conduct that gave rise to the warrant requests, but they may not inquire beyond whatever answer Plaintiff gives.   Fed. R. Evid. 608(b).

**10.    Plaintiff's motion to exclude evidence of a juvenile conviction for selling marijuana.**

Plaintiff moves to exclude any evidence of a prior juvenile conviction for selling marijuana.   This motion will be granted because, per Rule 403, any probative value the conviction might have (*e.g.*, as indicating a source of Plaintiff's claimed income), would be substantially outweighed by the prejudicial effect evidence of this conviction would have. Fed. R. Evid. 403.   In addition to bearing little relevance to the issues present here, the conviction itself occurred while Plaintiff was a juvenile, further undercutting its

12

usefulness. *Id.* Therefore, this motion will be granted.

**11.    Plaintiff's motion to exclude evidence regarding prior traffic offenses and license suspensions.**

Plaintiff moves to exclude evidence regarding his history of traffic citations for three reasons: (1) the citations do not meet the standard set out in Rule 404(b)(2); (2) the citations do not fall within Rule 609; and (3) presenting the traffic citations would be unduly prejudicial under Rule 403. Fed. R. Evid. 404(b)(2), 609, 403. Plaintiff's first two arguments are entirely inapposite because they misconstrue the purpose for which the traffic citations would be introduced. Defendant does not seek to introduce evidence of Plaintiff's extensive history of traffic citations for any of the reasons listed in Rule 404(b) or for impeachment under Rule 609. Fed. R. Evid. 404(b), 609. Rather, during the final pretrial conference, Defendant represented that the traffic citations -- which span from 1999 to 2008 -- would be used to undercut Plaintiff's claims regarding his financial resources. Specifically, Defendant seeks to show that Plaintiff accumulated substantial fines and was unable to pay some of his fines in a timely fashion. Defendant suggested that Plaintiff's trouble with traffic citations would cut against his claimed ability to accumulate tremendous amounts of income through freelance jobs during the time period at issue. This motion will be granted.

Plaintiff's claim hinges in part on his ability to accumulate over $200,000 in high-end electronics and luxury goods despite a meager and inconsistent work history. As part of its attempt to disprove Plaintiff's claims regarding his income, Defendant seeks to

introduce Plaintiff's lengthy history of traffic citations and license suspensions.
Defendant seeks to show that the costs imposed by these accumulating citations -- and
Plaintiff's inability to pay them -- demonstrate that Plaintiff did not in fact have the
financial resources he claims to have amassed.   This would in turn cast doubt on
Plaintiff's claims regarding the property supposedly destroyed in the fire.   Accordingly,
this evidence appears relevant, if only for a limited purpose.   Fed. R. Evid. 401.

Nevertheless, Rule 403 cautions against the admission of relevant evidence if that
evidence is likely to be unduly prejudicial.   "Relevant evidence is inherently prejudicial;
but it is only unfair prejudice, substantially outweighing probative value, which permits
exclusion of relevant matter under Rule 403."   *United States v. Pace*, 10 F.3d 1106,
1115-16 (5th Cir.1993).   Here, Plaintiff's history of driving infractions carries a not
insignificant risk of undue prejudice insofar as it might unfairly taint the jury's perception
of Plaintiff and cause a confusion of the issues.   For instance, Plaintiff was unable to
procure his first driver's license until well after the age of sixteen due to multiple prior
citations for, *inter alia*, driving without a valid license.   Plaintiff also accumulated a
myriad of other violations, including disobeying a traffic signal, no proof of insurance,
speeding, and an improper turn.

The parties have not disclosed the amounts Plaintiff paid as a result of his many
infractions or whether Plaintiff delayed payment of fines due to an inability to pay.
Information on either point would have aided the Court's determination of relevance
relative to prejudice.   For example, if accumulating multiple license suspensions resulted

14

in ever-steeper fees, this would aid Defendant in disproving Plaintiff's claimed financial resources.   In any event, it is likely that the undue prejudice from these tickets would overshadow the evidence's relevance.   To the extent the citations provide any insight into Plaintiff's income, the information gained is minimal, whereas the potential for prejudice and confusion is significant relative to relevance.   Accordingly, this motion will be granted.

**12.    Plaintiff's motion to exclude evidence of Shamir Garner's conviction for disturbing the peace.**

Plaintiff moves to exclude evidence of Shamir Garner's misdemeanor conviction for disturbing the peace in Ohio, as well as Plaintiff's attendance at Ms. Garner's hearing on the date of the contested fire.   This motion will be granted.

First, Ms. Garner's conviction, which has since been expunged after one-year of probation, has no pertinent Rule 404(b) use.   Disturbing the peace has no bearing whatsoever on the fire that occurred at Plaintiff's property.   Fed. R. Evid. 404(b). Second, even if the conviction had not been expunged, a disturbing the peace conviction does not meet the test set forth in Rule 609(a).   Fed. R. Evid. 609(a)(1, 2).   Finally, admission of this evidence would be unduly prejudicial under Rule 403 relative to any probative value the evidence might have.   Fed. R. Evid. 403.   Therefore, this motion will be granted.

## IV. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion regarding Shamir Garner's

15

arrest and conviction [Dkt. #41] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion regarding his own conviction and arrest warrants [Dkt. #42] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to exclude unsworn hearsay regarding Plaintiff's alleged unreported income [Dkt. #43] is DENIED, but with limiting instructions as explained in the above opinion.

IT IS FURTHER ORDERED that Defendant's motion regarding the duty to conduct a fair investigation [Dkt. #44] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion for limiting instructions regarding Defendant's failure to timely pay Plaintiff's claim [Dkt. #44] is DENIED.

IT IS FURTHER ORDERED that Defendant's motion regarding the duty to protect or prepare the property [Dkt. #45] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to limit the testimony of Larry Fucinari [Dkt. #46] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to preclude Jermaine Tyler from testifying [Dkt. #47] is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to limit the testimony of Plaintiff's public adjusters regarding Plaintiff's truthfulness [Dkt. #48] is DENIED, but with limiting instructions as explained in the above opinion.

IT IS FURTHER ORDERED that Defendant's motion to limit the testimony of Shamir Garner regarding Plaintiff's inventory list [Dkt. #49] is DENIED, but with limiting

instructions as explained in the above opinion.


January 17, 2013_____          _s/Gerald E. Rosen_____
Dated                                            United States District Court Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record
on January 17, 2013, by electronic and/or ordinary mail.


                    s/Julie Owens_____
                    Case Manager